IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELAWARE STATE SPORTSMEN'S ASSOCIATION, INC; BRIDGEVILLE RIFLE & PISTOL CLUB, LTD.; DELAWARE RIFLE AND PISTOL CLUB; DELAWARE ASSOCIATION OF FEDERAL FIREARMS LICENSEES; MADONNA M. NEDZA; CECIL CURTIS CLEMENTS; JAMES E. HOSFELT, JR; BRUCE C. SMITH; VICKIE LYNN PRICKETT; and FRANK M. NEDZA, <br><br> Plaintiffs, <br><br> v. <br><br> DELAWARE DEPARTMENT OF SAFETY AND HOMELAND SECURITY; NATHANIAL MCQUEEN JR. in his official capacity as Cabinet Secretary, Delaware Department of Safety and Homeland Security; and COL. MELISSA ZEBLEY in her official capacity as superintendent of the Delaware State Police, <br><br> Defendants. | C.A. No. 1:22-cv-00951-RGA |
| GABRIEL GRAY; WILLIAM TAYLOR; DJJAMS LLC; FIREARMS POLICY COALITION, INC. and SECOND AMENDMENT FOUNDATION, <br><br> Plaintiffs, <br><br> v. <br><br> KATHY JENNINGS, Attorney General of Delaware, <br><br> Defendant. | C.A. No. 1:22-cv-01500-MN |

**REPLY BRIEF IN FURTHER SUPPORT OF
DEFENDANTS' MOTION TO CONSOLIDATE**

| | |
|---|---|
| ROSS ARONSTAM & MORITZ LLP | STATE OF DELAWARE DEPARTMENT OF JUSTICE |
| David E. Ross (#5228)<br>Bradley R. Aronstam (#5129)<br>Garrett B. Moritz (#5646)<br>1313 North Market Street, Suite 1001<br>Wilmington, DE 19801<br>(302) 576-1600<br>dross@ramllp.com<br>baronstam@ramllp.com<br>gmoritz@ramllp.com | Kenneth L. Wan (#5667)<br>Caneel Radinson-Blasucci (#6574)<br>Deputy Attorneys General<br>Carvel State Office Building<br>820 N. French Street, 6th Floor<br>Wilmington, DE 19801<br>(302) 577-8400<br>kenneth.wan@delaware.gov<br>caneel.radinson-blasucci@delaware.gov |

*Attorneys for Defendants*

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ............................................................................................................................ 1

ARGUMENT ................................................................................................................................... 2

CONCLUSION ................................................................................................................................ 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*District of Columbia v. Heller*,
    554 U.S. 570 (2008) ................................................................................................... *passim*

*New York State Rifle & Pistol Ass'n, Inc. v. Bruen*,
    --- U.S. ---, 142 S. Ct. 2111 (2022) ........................................................................... *passim*

*Ocean State Tactical, LLC v. State of Rhode Island*,
    C.A. No. 1:22-CV-246-JJM-PAS, Slip. Op. (D.R.I. Dec. 14, 2022) ...................................... 4, 5

*United States v. Miller*,
    307 U.S. 174 (1939) ............................................................................................................. 3

*United States v. One (1) Palmetto State Armory PA-15 Machinegun
    Receiver/Frame*,
    822 F.3d 136 (3d Cir. 2016) ................................................................................................ 3

**Statutes**

18 U.S.C. § 922(o) ...................................................................................................................... 3

## **INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 42(a), defendants have moved to consolidate *Delaware State Sportsmen's Association, Inc., et al. v. Delaware Department of Safety and Homeland Security, et al.*, C.A. No. 1:22-cv-00951-RGA (the "DSSA Case"), and the separately filed *Gabriel Gray et al. v. Kathy Jennings*, C.A. No. 1:22-cv-01500-MN (the "Gray Case"), which both challenge the constitutionality of the same statute and involve overlapping claims and facts.

The plaintiffs in the DSSA Case do not oppose consolidation and have filed a joinder. DSSA Case, D.I. 18.

But the plaintiffs in the Gray Case oppose. Gray Case, D.I. 10 (the "Opp."). The Gray plaintiffs contend that consolidation "would serve no real purpose here" because their case will supposedly involve "[n]o discovery" and "no fact or expert testimony." Opp. 1, 5, 6. The Gray plaintiffs are incorrect. As discussed below, the Supreme Court's decisions in *Bruen* and *Heller* require, among other things, historical analysis that makes discovery and expert testimony necessary. Indeed, other district courts considering Second Amendment claims post-*Bruen* are providing for discovery and expert evidence. Once the Gray plaintiffs' flawed premise that discovery and expert witnesses are improper is rejected, the efficiencies to be gained from consolidating these overlapping cases is apparent.

The Gray plaintiffs' only other argument against consolidation is to claim that consolidation with the broader DSSA Case will subject the Gray plaintiffs to "potentially significant delay and additional expense." Opp. 7. In fact, defendants are seeking to have the cases consolidated and brought to a prompt definitive resolution on the merits through an expedited trial to occur less than a year from now. *See* 12/5/2022 Joint Letter re Scheduling Proposals. That is the opposite of delay. The motion to consolidate should be granted.

## ARGUMENT

Defendants' opening brief set forth the standards for consolidation under Rule 42(a). Opening Br. 7-8. The Gray plaintiffs do not dispute Defendants' formulation of the standard. Instead, the Gray plaintiffs acknowledge that there is "naturally some factual overlap" between the two actions. Opp. 1. And the Gray plaintiffs also acknowledge the Court's "broad authority" to consolidate the actions in its discretion. Opp. 4. The Gray plaintiffs nonetheless argue against consolidation on the ground that consolidating the two actions would purportedly result in "inconvenience, delay, or expense" that would outweigh the efficiencies of consolidation. *Id.*

The Gray plaintiffs' position is based on the flawed premise that "no discovery is necessary or warranted in this case" (Opp. 1) and that "no fact or expert testimony is needed or appropriate" (Opp. 5). *See also* Opp. 7 ("expert witnesses and discovery are not needed or appropriate to address the Second Amendment claims in this case"); Opp. 6 ("this case turns entirely upon legal issues"). Based on this premise, the Gray plaintiffs assert that, "consolidation of [the Gray] case with the DSSA case would serve no real purpose here." Opp. 6.

The Gray plaintiffs are incorrect. This is not a "no discovery" case, and it is not a case where "no fact or expert testimony is needed or appropriate." The plaintiffs ask this Court to declare a constitutional right to assault weapons of the kind responsible for deadly mass shootings that have become an all-too-regular occurrence. But the Supreme Court has instructed that the Second Amendment is "not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, --- U.S. ---, 142 S. Ct. 2111, 2128 (2022) (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008)). Rather, "[l]ike most rights, the right secured by the Second Amendment is not unlimited." *Heller*, 554 U.S. at 626. And "the Second Amendment right, whatever its nature, extends only to certain types of weapons." *Id.* at 623.

Under *Bruen*, even if a challenged gun restriction regulates conduct covered by "the Second Amendment's plain text" (*Bruen*, 142 S. Ct. at 2129), the regulation will be upheld if the government shows that the law "is consistent with this Nation's historical tradition of firearm regulation." *Id.* at 2126.  As the Supreme Court explained in *Bruen*, where a modern firearm regulation addresses "unprecedented societal concerns or dramatic technological changes," it will pass "constitutional muster" when it is "relevantly similar" to historical regulation. *Id.* at 2132-33.  Among other things, that includes "the historical tradition of prohibiting the carrying of 'dangerous and unusual weapons.'" *Heller*, 554 U.S. at 627.[1]

Notably, in conducting the historical inquiry set forth by the Supreme Court, "[c]ourts are … entitled to decide a case based on *the historical record compiled by the parties*." *Bruen,* 142 S. Ct. at 2130 n.6 (emphasis added).

Contrary to the Gray plaintiffs' position, post-*Bruen* courts handling similar cases have not proceeded in a truncated manner without discovery, experts, and evidence.  For example, in *Hanson v. District of Columbia*, C.A. No. 1:22-CV-02256-RC (D.D.C.) (the "Hanson Case"), a case involving a challenge to D.C.'s large-capacity magazine statute, the defendants sought an 89-day extension of time for discovery to respond to plaintiffs' preliminary injunction motion. Hanson Case, D.I. 9, 10.  Over plaintiffs' objection, the district court (1) granted the requested extension "[d]ue to the need to ensure that the record in this case is properly developed," and (2) found that "limited discovery at [the preliminary injunction] stage is 'reasonabl[e]' 'in light of

---

[1] For example, federal law effectively bans civilian possession of machine guns.  18 U.S.C. § 922(o).  The Supreme Court in *Heller* made clear that that "M-16 rifles and the like" may be banned.  *Heller*, 554 U.S. at 627; *see also United States v. One (1) Palmetto State Armory PA-15 Machinegun Receiver/Frame*, 822 F.3d 136, 142 (3d Cir. 2016) (applying *Heller* and holding that "the Second Amendment does not protect the possession of machine guns"); *cf. United States v. Miller*, 307 U.S. 174, 178 (1939) (holding that short-barreled shotguns are unprotected under the Second Amendment).

all of the surrounding circumstances.'" Hanson Case, 9/7/2022 Minute Order. Defendants' ensuing preliminary injunction opposition was supported by, among other things, numerous declarations from expert historians. Hanson Case, D.I. 17.

Similarly, in *Capen v. Healey*, C.A. No. 1:22-cv-11431-FDS (D. Mass.), a case involving a challenge to Massachusetts' assault weapon regulation, the parties set a schedule for plaintiffs' preliminary injunction motion filed on November 9, 2022, to be briefed by April 6, 2023, with a hearing on May 11, 2023—i.e., six months from the filing of plaintiffs' motion to hearing. *Id.* at D.I. 15, 17, 18. *See also Goldman v. City of Highland Park, Illinois*, C.A. No. 1:22-cv-4774-HDL, D.I. 22 (N.D. Ill. Oct. 11, 2022) (setting schedule in litigation involving city assault weapons regulation providing 95 days for the State to file an opposition to plaintiffs' motion for preliminary injunction, with the hearing to be held five months after filing of the motion).

In *Ocean State Tactical, LLC v. State of Rhode Island*, C.A. No. 1:22-CV-246-JJM-PAS, at D.I. 37, Slip. Op. (D.R.I. Dec. 14, 2022) (attached as Ex. 1), a post-*Bruen* decision denying a motion for preliminary injunction directed at Rhode Island's large-capacity magazine statute, the district court considered extensive evidence in resolving the motion:

- "Both sides … submitted … evidentiary declarations from a number of expert witnesses" and the parties "agreed the Court would accept those submissions as evidence in lieu of an evidentiary hearing." *Id.* at 3.

- The district court noted that under *Heller* and *Bruen*, courts considering a Second Amendment challenge must "examine not only the text itself, but the historical context in which the text was written." *Id.* at 10. While noting that the Supreme Court Justices in *Heller* and *Bruen* "undertook their own historical analyses" (*id.* at 11), the district court acknowledged that it had "no independent scholarly historical knowledge" but that it "does have solid experience in resolving disputes between experts" (*id.* at 12-13).

- While the parties had agreed to rely on documentary submissions such as expert declarations "in lieu of an evidentiary hearing" (*id.* at 3), the court also noted "disadvantages of relying on documentary submissions"—including "that the Court has no opportunity to explore the nature of an expert's research or how politically neutral or advocacy-oriented her prior work has been" (*id.* at 16).

4

In short, the Gray plaintiffs have it backwards in asserting that defendants have "a fundamental misunderstanding of how cases like these are to proceed." Opp. 5. Contrary to the Gray plaintiffs' position, preparing and presenting an evidentiary record is appropriate and necessary in these cases. As a result, the efficiencies to be gained from avoiding duplicative discovery and evidentiary hearings through consolidation are substantial.

Additionally, absent consolidation, the Court will be subjected to duplicative preliminary injunction motions, with duplicative briefing submitted in parallel, to be followed by duplicative further proceedings. The Gray plaintiffs' opposition says nothing about such additional inefficiencies.

The Gray plaintiffs' only other argument against consolidation is their claim that consolidation with the broader DSSA Case will subject the Gray plaintiffs to "potentially significant delay and additional expense" due to "various procedural issues now present or which may arise in the DSSA case." Opp. 7. Those concerns would be overstated in any circumstances, but they are particularly unwarranted here—where defendants are seeking to have the cases consolidated and brought to a prompt definitive resolution on the merits through an expedited trial to occur, if convenient for the Court, in October or November 2023. *See* 12/5/2022 Joint Letter re Scheduling Proposals. Again, that is the opposite of delay.

## **CONCLUSION**

For the foregoing reasons, and the reasons set forth in the opening brief, Defendants respectfully request that this Court consolidate the above-captioned actions.

| | |
|---|---|
| ROSS ARONSTAM & MORITZ LLP | STATE OF DELAWARE DEPARTMENT OF JUSTICE |
| */s/ Garrett B. Moritz* | */s/ Caneel Radinson-Blasucci* |
| David E. Ross (#5228) | Kenneth L. Wan (#5667) |
| Bradley R. Aronstam (#5129) | Caneel Radinson-Blasucci (#6574) |
| Garrett B. Moritz (#5646) | Deputy Attorneys General |
| 1313 North Market Street, Suite 1001 | Carvel State Office Building |
| Wilmington, DE 19801 | 820 N. French Street, 6th Floor |
| (302) 576-1600 | Wilmington, DE 19801 |
| dross@ramllp.com | (302) 577-8400 |
| baronstam@ramllp.com | kenneth.wan@delaware.gov |
| gmoritz@ramllp.com | caneel.radinson-blasucci@delaware.gov |

*Attorneys for Defendants*

Dated:  December 19, 2022