IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELAWARE STATE SPORTSMEN'S ASSOCIATION, INC; BRIDGEVILLE RIFLE & PISTOL CLUB, LTD.; DELAWARE RIFLE AND PISTOL CLUB; DELAWARE ASSOCIATION OF FEDERAL FIREARMS LICENSEES; MADONNA M. NEDZA; CECIL CURTIS CLEMENTS; JAMES E. HOSFELT, JR; BRUCE C. SMITH; VICKIE LYNN PRICKETT; and FRANK M. NEDZA,<br><br>Plaintiffs.<br><br>v.<br><br>DELAWARE DEPARTMENT OF SAFETY AND HOMELAND SECURITY; NATHANIAL MCQUEEN JR. in his official capacity as Cabinet Secretary, Delaware Department of Safety and Homeland Security; and COL. MELISSA ZEBLEY in her official capacity as superintendent of the Delaware State Police,<br><br>Defendants. | Civil Action No.:<br>1:22-cv-00951-RGA |

### DECLARATION OF JEFFREY W. HAGUE, PRESIDENT OF DELAWARE STATE SPORTSMEN'S ASSOCIATION, INC., IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

1. I, Jeffrey W. Hague, am the President of the Delaware State Sportsmen's Association, Inc., a Plaintiff in the above-titled action. I am over the age of 18, have personal knowledge of the facts and events referred to in this Declaration, and am fully competent to testify as to the matters stated below.

2. I submit this Declaration, in support of Plaintiffs' motion for preliminary injunction and accompanying Brief.

4875-3715-1809.1

3. I am a citizen of the State of Delaware, residing in Sussex County, Delaware.

4. I am the President and a member of the Delaware State Sportsmen's Association, Inc. ("DSSA").

5. I am aware that on June 30, 2022, John Carney, Governor of Delaware, signed into law House Bill 450 ("HB 450") and Senate Substitute 1 for Senate Bill 6 ("SS 1 for SB 6").

6. I am also aware that HB 450 bans the (1) transport into Delaware; and the (2) manufacture, sale, offer for sale, transfer, purchase, receipt, or possession of firearms in common use labeled "assault weapons." 11 *Del. C.* § 1466(a)(1)-(2).

7. I am also aware that SS 1 for SB 6 bans the manufacture, sale, offer for sale, purchase, receipt, transfer, or possession of ammunition magazines in common use labeled "large-capacity magazines." 11 *Del. C.* § 1469.

8. I personally own firearms in common use labeled "assault weapons" under HB 450.

9. I also desire and intend to acquire additional firearms in common use labeled "assault weapons" under HB 450 for self-defense and other lawful purposes—for example, pistol caliber carbines and AR-15 platform match rifles. But for the ban of firearms in common use labeled "assault weapons" under HB 450, and my reasonable fear of criminal prosecution, I would acquire additional firearms labeled "assault weapons" under HB 450.

10. Members of DSSA own firearms in common use labeled "assault weapons" under HB 450.

11. I regularly speak to members of DSSA who communicate to me that they also desire and intend to acquire additional firearms in common use labeled "assault weapons" under HB 450 for self-defense and other lawful purposes—for example, just about any AR-15 or AR-10 platform rifles that are available in numerous calibers and configurations. But for the ban of firearms in

common use labeled "assault weapons" under HB 450, and their reasonable fear of criminal prosecution, they would acquire additional firearms labeled "assault weapons" under HB 450.

12. Some members of DSSA are in the business of selling firearms labeled "assault weapons" under HB 450.

13. I regularly speak to members of DSSA who communicate to me that they also desire and intend to sell additional firearms in common use labeled "assault weapons" under HB 450—for example, collectors of the many variations of AR-15 style rifles. But for the ban of firearms in common use labeled "assault weapons" under HB 450, and their reasonable fear of criminal prosecution, they would sell additional firearms labeled "assault weapons" under HB 450.

14. I desire and intend to acquire ammunition magazines in common use labeled "large-capacity magazines" under SS 1 for SB 6 for self-defense and other lawful purposes—for example, rifle magazines for specific AR-15 style rifles where the standard capacity is 20 or 30 rounds. But for the ban of "large-capacity magazines" in common use under SS1 for SB 6, and my reasonable fear of criminal prosecution, I would acquire additional ammunition magazines labeled "large-capacity magazines" under SS1 for SB 6.

15. Members of DSSA own ammunition magazines in common use labeled "large-capacity magazines" under SS 1 for SB 6.

16. I regularly speak to members of DSSA who communicate to me that they also desire and intend to acquire additional ammunition magazines in common use labeled "large-capacity magazines" under SS1 for SB 6 for self-defense and other lawful purposes—for example, collectors of specific rifles where the standard capacity magazine is more than 17 rounds and those individuals that are not exempt under the legislation. But for the ban of ammunition magazines in common use labeled "large-capacity magazines" under SS1 for SB 6, and their reasonable fear of

4875-3715-1809.1

criminal prosecution, they would acquire additional ammunition magazines labeled "large-capacity magazines under SS1 for SB 6.

17. Some members of DSSA are in the business of selling ammunition magazines in common use labeled "large-capacity magazines" under SS1 for SB 6.

18. I regularly speak to members of DSSA who communicate to me that they also desire and intend to sell additional ammunition magazines in common use labeled "large-capacity magazines" under SS1 for SB 6—for example, collectors that buy and sell rifles and pistols where the standard capacity magazine holds more than 17 rounds and those firearms where magazines are not available in configurations that hold 17 rounds or less. But for the ban of ammunition magazines in common use labeled "large-capacity magazines" under SS1 for SB 6, and their reasonable fear of criminal prosecution, they would sell additional ammunition magazines labeled "large-capacity magazines" under SS1 for SB 6.

19. In summary, HB 450 and SS 1 for SB 6 violate my constitutional rights and the constitutional rights of DSSA's individual members. HB 450 and SS 1 for SB 6 also inflict irreparable harm on me and on the individual members of DSSA that cannot be remedied absent injunctive relief.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Jeffrey W. Hague

Dated: December 6, 2022