## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELAWARE STATE SPORTSMEN'S ASSOCIATION, INC; BRIDGEVILLE RIFLE & PISTOL CLUB, LTD.; DELAWARE RIFLE AND PISTOL CLUB; DELAWARE ASSOCIATION OF FEDERAL FIREARMS LICENSEES; MADONNA M. NEDZA; CECIL CURTIS CLEMENTS; JAMES E. HOSFELT, JR; BRUCE C. SMITH; VICKIE LYNN PRICKETT; and FRANK M. NEDZA, <br><br> Plaintiffs, <br><br> v. <br><br> DELAWARE DEPARTMENT OF SAFETY AND HOMELAND SECURITY; NATHANIAL MCQUEEN JR. in his official capacity as Cabinet Secretary, Delaware Department of Safety and Homeland Security; and COL. MELISSA ZEBLEY in her official capacity as superintendent of the Delaware State Police, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No. 1:22-cv-00951-RGA <br> (Consolidated) |
| GABRIEL GRAY; WILLIAM TAYLOR; DJJAMS LLC; FIREARMS POLICY COALITION, INC. and SECOND AMENDMENT FOUNDATION, <br><br> Plaintiffs, <br><br> v. <br><br> KATHY JENNINGS, Attorney General of Delaware, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**DEFENDANT KATHY JENNINGS' ANSWER TO COMPLAINT OF PLAINTIFFS GABRIEL GRAY, WILLIAM TAYLOR, DJJAMS LLC, FIREARMS POLICY COALITION, INC., AND SECOND AMENDMENT FOUNDATION**

Defendant Kathy Jennings, Attorney General of Delaware ("Defendant"), by and through her undersigned attorneys, hereby responds to the Complaint of Plaintiffs Gabriel Gray, William Taylor, DJJAMS LLC, Firearms Policy Coalition, Inc., and Second Amendment Foundation as follows:

Except as affirmatively stated below, Defendant denies all allegations in the Complaint. Furthermore, the Complaint contains section titles and headings to which no response is required and which are reproduced solely for the convenience of the Court. To the extent any response is required to any section title or organization heading, it is denied.

## INTRODUCTION

1. Paragraph 1 quotes the Constitution of the United States (the "Constitution"), which is a written document that speaks for itself. Defendant respectfully refers the Court to the Constitution for its true and correct contents and denies any allegations inconsistent therewith. The remainder of Paragraph 1 states legal conclusions to which no response is required. To the extent a response is required, Paragraph 1 is denied.

2. Defendant admits that on June 30, 2022, Governor John Carney signed into law House Bill 450 ("HB 450"). Paragraph 2 purports to characterize the Constitution and United States Supreme Court case *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) ("*Bruen*"), which are written documents that speak for themselves, and Defendant respectfully refers the Court to those documents for their true and correct contents and denies any allegations inconsistent therewith. The remainder of Paragraph 2 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 2.

3. Defendant admits that she intends to enforce HB 450 and 11 *Del. C.* § 1465, but denies that such enforcement is improper. Paragraph 3 purports to characterize HB 450 and 11 *Del. C.* § 1465, *et seq.*, which are written documents that speak for themselves. Defendant respectfully refers the Court to HB 450 and 11 *Del. C.* § 1465, *et seq.* for their true and correct contents and denies any allegations inconsistent therewith. The remainder of Paragraph 3 states legal conclusions to which no response is required. To the extent a response is required, Paragraph 3 is denied.

4. Paragraph 4 states legal conclusions to which no response is required. To the extent a response is required, Paragraph 4 is denied.

5. Paragraph 5 purports to characterize HB 450 and 11 *Del. C.* § 1465, *et seq.*, which are written documents that speak for themselves. Defendant respectfully refers the Court to HB 450 and 11 *Del. C.* § 1465, *et seq.* for their true and correct contents and denies any allegations inconsistent therewith. The remainder of Paragraph 5 states legal conclusions to which no response is required. To the extent a response is required, Paragraph 5 is denied.

6. Paragraph 6 purports to quote and characterize *Bruen*, which is a written document that speaks for itself. Defendant respectfully refers the Court to *Bruen* for its true and correct contents and denies any allegations inconsistent therewith. The remainder of Paragraph 6 states legal conclusions to which no response is required. To the extent a response is required, Paragraph 6 is denied.

7. Paragraph 7 purports to quote and characterize *Bruen*, which is a written document that speaks for itself. Defendant respectfully refers the Court to *Bruen* for its true and correct contents and denies any allegations inconsistent therewith. The remainder of Paragraph 7 states

legal conclusions to which no response is required.  To the extent a response is required, Paragraph 7 is denied.

8. Paragraph 8 quotes *Bruen*, which is a written document that speaks for itself. Defendant respectfully refers the Court to *Bruen* for its true and correct contents and denies any allegations inconsistent therewith.

9. Paragraph 9 quotes *Bruen*, which is a written document that speaks for itself. Defendant respectfully refers the Court to *Bruen* for its true and correct contents and denies any allegations inconsistent therewith.  The remainder of Paragraph 9 states legal conclusions to which no response is required.  To the extent a response is required, Paragraph 9 is denied.

10. Paragraph 10 quotes *Bruen*, which is a written document that speaks for itself. Defendant respectfully refers the Court to *Bruen* for its true and correct contents and denies any allegations inconsistent therewith.  The remainder of Paragraph 10 states legal conclusions to which no response is required.  To the extent Paragraph 10 is construed to include factual allegations, Paragraph 10 is denied.

11. Paragraph 11 quotes *Jones v. Bonta*, 34 F.4th 704, 716 (9th Cir. 2022), which is a written document that speaks for itself.  Defendant respectfully refers the Court to that document for its true and correct contents and denies any allegations inconsistent therewith.  Defendant denies that regulation of weapons subject to HB 450 is inconsistent with the historical tradition of firearm regulation.  The remainder of Paragraph 11 states legal conclusions to which no response is required.  To the extent Paragraph 11 is construed to include factual allegations, Paragraph 11 is denied.

12. The factual allegations of Paragraph 12 are denied.  Otherwise, Paragraph 12 states legal conclusions to which no response is required.

13.     Defendant admits that Paragraph 13 describes the relief Plaintiff purports to seek, but denies that Plaintiff is entitled to that relief. Otherwise, Paragraph 13 states legal conclusions to which no response is required.

## JURISDICTION AND VENUE

14.     Admitted.

15.     Paragraph 15 states legal conclusions to which no response is required. To the extent a response is required, Paragraph 15 is denied.

16.     Admitted.

## PARTIES

17.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 17, and denies them on that basis.

18.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 18, and denies them on that basis.

19.     Defendant admits that DJJAMS LLC has been registered as a Delaware limited liability company with an address in New Castle County, Delaware. Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of this Paragraph, and denies them on that basis.

20.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 20, and denies them on that basis.

21.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 21, and denies them on that basis.

22.     Defendant admits that she is the Attorney General of the State of Delaware, that she supervises, directs and controls the Department of Justice of the State of Delaware, and that

she is being sued in her official capacity as Attorney General of the State of Delaware. The remainder of Paragraph 22 states legal conclusions to which no response is required.

## STATEMENT OF FACTS

### *The Right to Keep and Bear Arms*

23. Paragraph 23 quotes the Constitution, which is a written document that speaks for itself. Defendant respectfully refers the Court to the Constitution for its true and correct contents and denies any allegations inconsistent therewith.

24. Paragraph 24 quotes the Constitution, which is a written document that speaks for itself. Defendant respectfully refers the Court to the Constitution for its true and correct contents and denies any allegations inconsistent therewith. The remainder of Paragraph 24 states legal conclusions to which no response is required. To the extent a response is required, Paragraph 24 is denied.

25. Paragraph 25 purports to characterize HB 450 and 11 *Del. C.* § 1465, *et seq.*, which are written documents that speak for themselves. Defendant respectfully refers the Court to HB 450 and 11 *Del. C.* § 1465, *et seq.* for their true and correct contents and denies any allegations inconsistent therewith. The remainder of Paragraph 25 states legal conclusions to which no response is required. To the extent a response is required, Paragraph 25 is denied.

### *Delaware's Unconstitutional Ban on So-Called "Assault Weapons"*

26. Paragraph 26 purports to characterize 11 *Del. C.* § 1465, which is a written document that speaks for itself. Defendant respectfully refers the Court to 11 *Del. C.* § 1465 for its true and correct contents and denies any allegations inconsistent therewith.

27. Paragraph 27 purports to characterize 11 *Del. C.* § 1465, which is a written document that speaks for itself. Defendant respectfully refers the Court to 11 *Del. C.* § 1465 for its true and correct contents and denies any allegations inconsistent therewith.

28. Paragraph 28 purports to characterize 11 *Del. C.* § 1465, which is a written document that speaks for itself. Defendant respectfully refers the Court to 11 *Del. C.* § 1465 for its true and correct contents and denies any allegations inconsistent therewith.

29. Paragraph 29 purports to characterize 11 *Del. C.* § 1465, which is a written document that speaks for itself. Defendant respectfully refers the Court to 11 *Del. C.* § 1465 for its true and correct contents and denies any allegations inconsistent therewith.

30. Paragraph 30 purports to characterize 11 *Del. C.* § 1465, which is a written document that speaks for itself. Defendant respectfully refers the Court to 11 *Del. C.* § 1465 for its true and correct contents and denies any allegations inconsistent therewith.

31. Paragraph 31 purports to characterize 11 *Del. C.* § 1465, which is a written document that speaks for itself. Defendant respectfully refers the Court to 11 *Del. C.* § 1465 for its true and correct contents and denies any allegations inconsistent therewith.

32. Paragraph 32 purports to characterize 11 *Del. C.* § 1465, which is a written document that speaks for itself. Defendant respectfully refers the Court to 11 *Del. C.* § 1465 for its true and correct contents and denies any allegations inconsistent therewith.

33. Paragraph 33 purports to characterize 11 *Del. C.* § 1465, which is a written document that speaks for itself. Defendant respectfully refers the Court to 11 *Del. C.* § 1465 for its true and correct contents and denies any allegations inconsistent therewith.

34. Paragraph 34 purports to characterize 11 *Del. C.* § 1465, which is a written document that speaks for itself. Defendant respectfully refers the Court to 11 *Del. C.* § 1465 for its true and correct contents and denies any allegations inconsistent therewith.

35. Paragraph 35 purports to characterize 11 *Del. C.* § 1465, which is a written document that speaks for itself. Defendant respectfully refers the Court to 11 *Del. C.* § 1465 for its true and correct contents and denies any allegations inconsistent therewith.

36. Paragraph 36 purports to characterize 11 *Del. C.* § 1465, which is a written document that speaks for itself. Defendant respectfully refers the Court to 11 *Del. C.* § 1465 for its true and correct contents and denies any allegations inconsistent therewith.

37. Paragraph 37 purports to characterize 11 *Del. C.* § 1465, which is a written document that speaks for itself. Defendant respectfully refers the Court to 11 *Del. C.* § 1465 for its true and correct contents and denies any allegations inconsistent therewith.

38. Paragraph 38 purports to characterize 11 *Del. C.* § 1465, which is a written document that speaks for itself. Defendant respectfully refers the Court to 11 *Del. C.* § 1465 for its true and correct contents and denies any allegations inconsistent therewith.

39. Paragraph 39 purports to characterize 11 *Del. C.* § 1466, which is a written document that speaks for itself. Defendant respectfully refers the Court to 11 *Del. C.* § 1466 for its true and correct contents and denies any allegations inconsistent therewith.

### ***Penalties for Violating Delaware's Unconstitutional Ban***

40. Paragraph 40 purports to characterize 11 *Del. C.* § 1466, which is a written document that speaks for itself. Defendant respectfully refers the Court to 11 *Del. C.* § 1466 for its true and correct contents and denies any allegations inconsistent therewith.

41. Paragraph 41 purports to characterize 11 *Del. C.* § 4205, which is a written document that speaks for itself. Defendant respectfully refers the Court to 11 *Del. C.* § 4205 for its true and correct contents and denies any allegations inconsistent therewith.

42. Paragraph 42 purports to characterize 18 U.S.C. § 922, which is a written document that speaks for itself. Defendant respectfully refers the Court to 18 U.S.C. § 922 for its true and correct contents and denies any allegations inconsistent therewith.

### *Delaware Unconstitutionally Bans Protected Arms In Common Use*

43. The factual allegations of Paragraph 43 are denied. Otherwise, Paragraph 43 states legal conclusions to which no response is required.

44. Defendant admits that HB 450 applies to AR-15 rifles, among other things. Defendant further admits that Paragraph 44 purports to characterize the contents of certain industry sources, and respectfully refers the Court to those documents for their full and complete contents. Defendant otherwise denies the allegations of Paragraph 44.

45. The first and second sentences of Paragraph 45 are admitted. The remainder of Paragraph 45 is denied.

46. The first sentence of Paragraph 46 is denied. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of Paragraph 46, and denies them on that basis.

47. The first sentence of Paragraph 47 is denied. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of Paragraph 47, and denies them on that basis.

48. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 48, and denies them on that basis.

49. Denied.

50. The first sentence of Paragraph 50 is denied. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of Paragraph 50, and denies them on that basis.

51. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 51, and denies them on that basis.

52. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 52, and denies them on that basis.

53. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 53, and denies them on that basis.

54. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 54, and denies them on that basis.

55. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 55, and denies them on that basis.

56. The first sentence of Paragraph 56 is denied. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 56, and denies them on that basis.

57. Denied.

58. Denied.

59. Defendant denies that assault weapons subject to HB 450 are in common use for self-defense and other lawful purposes. Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in the first, second, and third sentences of Paragraph 59, and denies them on that basis. The remainder of Paragraph 59 is denied.

60. Denied.

61. The first sentence of Paragraph 61 states legal conclusions to which no response is required. Defendant denies the second sentence of Paragraph 61.

62. Denied.

63. Denied.

64. Paragraph 64 states legal conclusions to which no response is required. To the extent a response is required, Paragraph 64 is denied.

65. Denied.

66. The second and third sentences of Paragraph 66 are denied. The remainder of Paragraph 66 states legal conclusions to which no response is required. To the extent a response is required, Paragraph 66 is denied.

67. Paragraph 67 purports to quote the Constitution, which is a written document that speaks for itself. Defendant respectfully refers the Court to the Constitution for its true and correct contents and denies any allegations inconsistent therewith.

68. Paragraph 68 purports to quote the Constitution, which is a written document that speaks for itself. Defendant respectfully refers the Court to the Constitution for its true and correct contents and denies any allegations inconsistent therewith.

69. Paragraph 69 states legal conclusions to which no response is required. To the extent a response is required, Paragraph 69 is denied.

70. Paragraph 70 states legal conclusions to which no response is required. To the extent a response is required, Paragraph 70 is denied.

71. Paragraph 71 states legal conclusions to which no response is required. To the extent a response is required, Paragraph 71 is denied.

72. Paragraph 72 states legal conclusions to which no response is required. To the extent a response is required, Paragraph 72 is denied.

73. Denied.

74. Paragraph 74 states legal conclusions to which no response is required. To the extent a response is required, Paragraph 74 is denied.

75. Denied.

76. Paragraph 76 states legal conclusions to which no response is required. To the extent a response is required, Paragraph 76 is denied.

77. The factual allegations in Paragraph 77 are denied. The remainder of Paragraph 77 states legal conclusions to which no response is required. To the extent a response is required, Paragraph 77 is denied.

78. Paragraph 78 states legal conclusions to which no response is required. To the extent a response is required, Paragraph 78 is denied.

79. Paragraph 79 states legal conclusions to which no response is required. To the extent a response is required, Paragraph 79 is denied.

80. Paragraph 80 states legal conclusions to which no response is required. To the extent a response is required, Paragraph 80 is denied.

81. Paragraph 81 states legal conclusions to which no response is required. To the extent a response is required, Paragraph 81 is denied.

82. The first sentence of Paragraph 82 states legal conclusions to which no response is required. The second sentence of Paragraph 82 is denied.

### *Facts Relating to All Plaintiffs*

83. Denied.

### *Facts Relating to Plaintiff Gray*

84. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 84, and denies them on that basis.

85. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 85, and denies them on that basis.

86. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 86, and denies them on that basis.

87. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 87, and denies them on that basis.

88. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 88, and denies them on that basis.

89. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 89, and denies them on that basis.

### *Facts Relating to Plaintiff Taylor*

90. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 90, and denies them on that basis.

91. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 91, and denies them on that basis.

92. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 92, and denies them on that basis.

93. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 93, and denies them on that basis.

94. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 94, and denies them on that basis.

95. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 95, and denies them on that basis.

### *Facts Relating to Plaintiff DJJAMS*

96. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 96, and denies them on that basis.

97. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 97, and denies them on that basis.

98. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 98, and denies them on that basis.

99. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 99, and denies them on that basis.

### *Facts Relating to Plaintiff FPC*

100. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 100, and denies them on that basis.

101. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 101, and denies them on that basis.

102. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 102, and denies them on that basis.

103. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 103, and denies them on that basis.

104. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 104, and denies them on that basis.

105. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 105, and denies them on that basis.

106. Defendant denies that assault weapons subject to HB 450 are in common use for self-defense and other lawful purposes. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 106, and denies them on that basis.

107. Paragraph 107 purports to characterize HB 450 and 11 *Del. C.* § 1465, *et seq.*, which are written documents that speak for themselves. Defendant respectfully refers the Court to HB 450 and 11 *Del. C.* § 1465, *et seq.* for their true and correct contents and denies any allegations inconsistent therewith. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 107, and denies them on that basis.

108. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 108, and denies them on that basis.

### Facts Relating to Plaintiff SAF

109. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 109, and denies them on that basis.

110. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 110, and denies them on that basis.

111. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 111, and denies them on that basis.

112. Defendant denies that assault weapons subject to HB 450 are in common use for self-defense and other lawful purposes. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 112, and denies them on that basis.

113. Paragraph 113 purports to characterize HB 450 and 11 *Del. C.* § 1465, *et seq.*, which are written documents that speak for themselves. Defendant respectfully refers the Court to HB 450 and 11 *Del. C.* § 1465, *et seq.* for their true and correct contents and denies any allegations inconsistent therewith. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 113, and denies them on that basis.

114. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 114, and denies them on that basis.

## **COUNT ONE**

115. This is an incorporation paragraph that requires no response.

116. Paragraph 116 states legal conclusions to which no response is required. To the extent a response is required, Paragraph 116 is denied.

117. Paragraph 117 states legal conclusions to which no response is required. To the extent a response is required, Paragraph 117 is denied.

118. Paragraph 118 states legal conclusions to which no response is required. To the extent a response is required, Paragraph 118 is denied.

119. Paragraph 119 states legal conclusions to which no response is required. To the extent a response is required, Paragraph 119 is denied.

120. Paragraph 120 states legal conclusions to which no response is required. To the extent a response is required, Paragraph 120 is denied.

121. Denied.

122. Paragraph 122 states legal conclusions to which no response is required.

123. Denied.

124. Denied.

125. Paragraph 125 states legal conclusions to which no response is required. To the extent a response is required, Paragraph 125 is denied.

126. Denied.

127. Paragraph 127 states legal conclusions to which no response is required. To the extent a response is required, Paragraph 127 is denied.

128. Paragraph 128 states legal conclusions to which no response is required. To the extent a response is required, Paragraph 128 is denied.

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to the relief requested in their Prayer for Relief in the Complaint, or to any relief.

## AFFIRMATIVE DEFENSES

Without admitting liability as to any of the claims asserted in the Complaint, and without assuming the burden of proof on any claims, defenses, or legal or factual issues that otherwise would rest with Plaintiffs, Defendant asserts the following affirmative and other defenses:

1. Plaintiffs' claims are barred because the challenged regulations are lawful and permitted by the Constitution.

2. Plaintiffs' claims are barred, in whole or in part, by laches.

\*   \*   \*

Defendant reserves the right to amend this Answer and to assert other defenses as this action proceeds.

WHEREFORE, Defendant denies that Plaintiffs are entitled to any relief whatsoever and respectfully requests judgment dismissing the Complaint with prejudice, with costs and reasonable attorneys' fees as may be allowed by law, and such further relief as the Court deems appropriate.

| ROSS ARONSTAM & MORITZ LLP | STATE OF DELAWARE DEPARTMENT OF JUSTICE |
|---|---|
| */s/ Garrett B. Moritz* | */s/ Caneel Radinson-Blasucci* |
| David E. Ross (#5228) | Kenneth L. Wan (#5667) |
| Bradley R. Aronstam (#5129) | Caneel Radinson-Blasucci (#6574) |
| Garrett B. Moritz (#5646) | Deputy Attorneys General |
| 1313 North Market Street, Suite 1001 | Carvel State Office Building |
| Wilmington, DE 19801 | 820 N. French Street, 6th Floor |
| (302) 576-1600 | Wilmington, DE 19801 |
| dross@ramllp.com | (302) 577-8400 |
| baronstam@ramllp.com | kenneth.wan@delaware.gov |
| gmoritz@ramllp.com | caneel.radinson-blasucci@delaware.gov |

*Attorneys for Defendants*

Dated:  December 23, 2022