# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELAWARE STATE SPORTSMEN'S ASSOCIATION, INC; BRIDGEVILLE RIFLE & PISTOL CLUB, LTD.; DELAWARE RIFLE AND PISTOL CLUB; DELAWARE ASSOCIATION OF FEDERAL FIREARMS LICENSEES; MADONNA M. NEDZA; CECIL CURTIS CLEMENTS; JAMES E. HOSFELT, JR; BRUCE C. SMITH; VICKIE LYNN PRICKETT; and FRANK M. NEDZA, <br><br> Plaintiffs, <br><br> v. <br><br> DELAWARE DEPARTMENT OF SAFETY AND HOMELAND SECURITY; NATHANIAL MCQUEEN JR. in his official capacity as Cabinet Secretary, Delaware Department of Safety and Homeland Security; and COL. MELISSA ZEBLEY in her official capacity as superintendent of the Delaware State Police, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br><br> C.A. No. 1:22-cv-00951-RGA |

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS'**
**MOTION FOR PARTIAL DISMISSAL OF THE AMENDED COMPLAINT**

| | |
|---|---|
| ROSS ARONSTAM & MORITZ LLP | STATE OF DELAWARE DEPARTMENT OF JUSTICE |
| David E. Ross (#5228)<br>Bradley R. Aronstam (#5129)<br>Garrett B. Moritz (#5646)<br>S. Reiko Rogozen (#6695)<br>Roger S. Stronach (#6208)<br>Holly Newell (#6687)<br>Elizabeth M. Taylor (#6468)<br>Thomas C. Mandracchia (#6858)<br>1313 North Market Street, Suite 1001<br>Wilmington, DE 19801<br>(302) 576-1600<br>dross@ramllp.com<br>baronstam@ramllp.com<br>gmoritz@ramllp.com<br>rrogozen@ramllp.com<br>rstronach@ramllp.com<br>hnewell@ramllp.com<br>etaylor@ramllp.com<br>tmandracchia@ramllp.com | Kenneth L. Wan (#5667)<br>Caneel Radinson-Blasucci (#6574)<br>Deputy Attorneys General<br>Carvel State Office Building<br>820 N. French Street, 6th Floor<br>Wilmington, DE 19801<br>(302) 577-8400<br>kenneth.wan@delaware.gov<br>caneel.radinson-blasucci@delaware.gov |

*Attorneys for Defendants*

Dated:  February 13, 2023

**TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES .................................................................................................. ii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ...................................................................................................................... 1

I.  PLAINTIFFS HAVE FAILED TO PLEAD VIABLE DUE PROCESS
    CLAIMS (COUNTS III AND X) ........................................................................... 1

    A.  Plaintiffs Fail to Plead Impermissible Burden Shifting ........................... 1

    B.  Plaintiffs Fail to Plead Unconstitutional Vagueness ................................ 3

II. THE REGULATIONS ARE NOT TAKINGS (COUNTS IV AND XI) .......................... 5

II. THE REGULATIONS DO NOT VIOLATE THE EQUAL
    PROTECTION CLAUSE (COUNTS V AND XII) ............................................ 7

III. THE REGULATIONS DO NOT VIOLATE THE DORMANT
     COMMERCE CLAUSE (COUNTS VI AND XIII) ............................................ 8

V.  THE REGULATIONS ARE NOT PREEMPTED
    (COUNTS VII AND XIV) ..................................................................................... 9

CONCLUSION ................................................................................................................... 10

## **TABLE OF AUTHORITIES**

**CASES**  **PAGE(S)**

*Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Attorney General N.J.*,
   910 F.3d 106 (3d Cir. 2018), *abrogated on other grounds by Bruen*,
   142 S.Ct. 2111 ..................................................................................................................7

*Barr v. Am. Ass'n of Pol. Consultants, Inc.*,
   140 S.Ct. 2335 (2020) ......................................................................................................5

*Bennis v. Michigan*,
   516 U.S. 442 (1996) .........................................................................................................5

*City of Phila. v. New Jersey*,
   437 U.S. 617 (1978) .........................................................................................................9

*Coal. of N.J. Sportsmen v. Florio*,
   744 F. Supp. 602 (D.N.J. 1990) .................................................................................9, 10

*Coal. of N.J. Sportsmen, Inc. v. Whitman*,
   44 F. Supp. 2d 666 (D.N.J. 1999), *aff'd*, 263 F.3d 157 (3d Cir. 2001) .......................3, 4

*Fed. Law Enf't Officers Ass'n v. Grewal*,
   2022 WL 2236351 (D.N.J. June 21, 2022) .....................................................................7

*Frein v. Pa. State Police*,
   47 F.4th 247 (3d Cir. 2022) .............................................................................................6

*Granholm v. Heald*,
   544 U.S. 460 (2005) .........................................................................................................9

*H.P. Hood & Sons, Inc. v. Du Mond*,
   336 U.S. 525 (1949) ......................................................................................................8, 9

*Lasche v. New Jersey*,
   2022 WL 604025 (3d Cir. Mar. 1, 2022) .........................................................................7

*Lech v. Jackson*,
   791 F. App'x 711 (10th Cir. 2019) ...............................................................................5, 6

*Lingle v. Chevron USA, Inc.*,
   544 U.S. 528 (2005) .........................................................................................................6

*Lively v. State*,
   427 A.2d 882 (Del. 1981) .................................................................................................2

*Loretto v. Teleprompter Manhattan CATV Corp.*,
   458 U.S. 419 (1982) .........................................................................................................5

*Lucas v. S.C. Coastal Council*,
    505 U.S. 1003 (1992) ..................................................................................................5

*Maryland Shall Issue v. Hogan*,
    353 F. Supp. 3d 400 (D. Md. 2018), *aff'd*, 963 F.3d 356 (4th Cir. 2020) ..................5

*McDonald v. City of Chicago*,
    561 U.S. 742 (2010) ....................................................................................................3

*Nekrilov v. City of Jersey City*,
    528 F. Supp. 3d 252 (D.N.J. 2021), *aff'd*, 45 F.4th 662 (3d Cir. 2022) .....................6

*New Energy Co. of Ind. v. Limbach*,
    486 U.S. 269 (1988) ....................................................................................................9

*N.Y. State Rifle & Pistol Ass'n v. Bruen*,
    142 S. Ct. 2111 (2022) ........................................................................................1, 3, 7

*Norfolk S. Corp. v. Oberly*,
    822 F.2d 388 (3d Cir. 1987) .......................................................................................8

*Ore. Waste Sys., Inc. v. Dept. of Env't Quality of Ore.*,
    511 U.S. 93 (1994) ......................................................................................................9

*Rhode v. Becerra*,
    342 F. Supp. 3d 1010 (S.D. Cal. 2018) .................................................................9, 10

*Rupp v. Becerra*,
    2018 WL 2138452 (C.D. Cal. May 9, 2018) ..............................................................5

*Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*,
    422 F.3d 141 (3d Cir. 2005) .......................................................................................7

*United States v. Gatlin*,
    613 F.3d 374 (3d Cir. 2010) .......................................................................................2

*United States v. Jeffers*,
    342 U.S. 48 (1951) ......................................................................................................6

*United States v. John J. Felin & Co.*,
    334 U.S. 624 (1948) ....................................................................................................6

*United States v. Lawrence*,
    349 F.3d 109 (3d Cir. 2003) .......................................................................................2

*Waltman v. State*,
    840 A.2d 642, 2003 WL 23104199 (Del. Dec. 30, 2003), *aff'd*, 922 A.2d 416
    (Del. 2007) ..............................................................................................................2, 3

*Wilson v. Cnty. of Cook*,
    968 N.E.2d 641 (Ill. 2012) ........................................................................................................3

## CONSTITUTIONS AND STATUTES

U.S. CONST. amend. II ....................................................................................................................1

DEL. CONST. amend. II and art. I, § 20 ...........................................................................................1

11 *Del. C.* § 305 ..............................................................................................................................2

11 *Del. C.* § 1441(B) ......................................................................................................................7

11 *Del. C.* § 1441(k) .......................................................................................................................8

11 *Del. C.* § 1465(6) .......................................................................................................................4

11 *Del. C.* § 1466(c)(3) ..................................................................................................................6

18 U.S.C. § 922(g) ..........................................................................................................................2

18 U.S.C. §§ 924(c)(1) and (j)(1) ...................................................................................................2

18 U.S.C. § 926A ......................................................................................................................9, 10

# INTRODUCTION[1]

On the heels of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), plaintiffs seek to invalidate HB 450 and SS 1 for SB 6 under the Second Amendment to the United States Constitution and Article 1 § 20 of the Delaware Constitution. There is no question that these challenges present issues on which evidence and a trial are required.

Plaintiffs' numerous tagalong challenges, however, do not implicate those important issues. And although plaintiffs insist otherwise, nothing in *Bruen* abrogated or invalidated the wealth of precedent, cited in defendants' opening brief, pertaining to those additional challenges. As explained previously and detailed again below, plaintiffs' secondary challenges to the Regulations fail as a matter of law. Granting defendants' motion will streamline the case so that the parties and the Court can focus on plaintiffs' Second Amendment challenge, as well as their challenge under Article 1 § 20 of the Delaware Constitution.

# ARGUMENT

**I.  PLAINTIFFS HAVE FAILED TO PLEAD VIABLE DUE PROCESS CLAIMS (COUNTS III AND X).**

   **A.  Plaintiffs Fail to Plead Impermissible Burden Shifting.**

As explained in the opening brief, "an affirmative defense does not unconstitutionally burden shift if it 'does not serve to negative any facts of the crime which the State is to prove in order to convict of' the crime." OB 3 (citing *Patterson v. N.Y.*, 432 U.S. 197, 207 (1977)). Because the exceptions found in Section 1467(b) and Section 1469(c)(5) are affirmative defenses under

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in the Amended Complaint (Dkt. 5) ("AC") and Defendants' Opening Brief (Dkt. 9) ("OB"). Citations to "Opp'n" refer to Plaintiffs' Answering Brief in Opposition to Defendants' Motion for Partial Dismissal (Dkt. 36).

11 *Del. C.* § 305, and because neither negates an element of the statutory offenses, the Regulations do not impermissibly burden shift. OB 4.

Plaintiffs' primary response is that—in theory—"there is no barrier to [a state legislature] putting all significant issues in the category of affirmative defenses" such that the state could "presume guilt." Opp'n 5 (citing *Patterson*, 432 U.S. at 210). But plaintiffs do not and cannot explain how that has happened here. *Id.* The Regulations neither place "all significant issues in the category of affirmative defenses" nor presume guilt.

Nor does due process require, as plaintiffs suggest, that the state disprove affirmative defenses. *Id.* Indeed, multiple courts have held the opposite. *See* OB 3. For example, in *United States v. Lawrence*, 349 F.3d 109 (3d Cir. 2003), the Third Circuit held that the government was *not* required to disprove that a subject firearm was manufactured prior to 1898 in order to convict an undocumented immigrant of wrongly possessing a firearm in violation of 18 U.S.C. § 922(g) or any other person of wrongly using a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1) and (j)(1). The Regulations do not violate due process because they do not require the state to prove the absence of an affirmative defense.

Plaintiffs' challenge to Section 1469(c)(5) under the Delaware Constitution fails for the same reasons. *See United States v. Gatlin*, 613 F.3d 374, 378 (3d Cir. 2010) (holding that "exceptions" in Delaware criminal statutes are deemed affirmative defenses) (citing *Lively v. State*, 427 A.2d 882, 884 (Del. 1981)). Plaintiffs do not dispute that Delaware courts require defendants to carry the burden of proof on affirmative defenses in criminal matters. *See Lively*, 427 A.2d at 884. Plaintiffs claim that neither *Gatlin* nor *Lively* addresses the constitutionality of that practice, Opp'n 6, but the Delaware Supreme Court "has held that shifting the burden of proof of an affirmative defense to the defendant is not an improper burden shift from the constitutional

2

protection of the State's obligation to prove a defendant's guilt beyond a reasonable doubt." *Waltman v. State*, 840 A.2d 642, 2003 WL 23104199, at *3 (Del. Dec. 30, 2003) (TABLE), *aff'd*, 922 A.2d 416 (Del. 2007) (TABLE).  Accordingly, plaintiffs' claim for impermissible burden shifting fails under both Federal and Delaware state law.

      **B.**    **Plaintiffs Fail to Plead Unconstitutional Vagueness.**

Plaintiffs' vagueness challenges fail because the Regulations provide clear notice of what is prohibited.  OB 5.  In response, plaintiffs' primary argument is that, post-*Bruen*, a "more stringent vagueness test applies to plaintiffs' instant challenge because" the Regulations "interfere[ ] with a constitutionally protected right."  Opp'n 8.

Not so.  *Bruen* concerned government restrictions on "an individual right to keep and bear arms for self-defense."  *Bruen*, 142 S.Ct. at 2125.  Nothing in *Bruen*, *McDonald v. City of Chicago*, 561 U.S. 742 (2010), or any other Second Amendment case altered the standard for vagueness challenges under the *Fourteenth* Amendment.  *See, e.g.*, *Wilson v. Cnty. of Cook*, 968 N.E.2d 641, 650 (Ill. 2012) (citation omitted) (finding, post-*McDonald*, that "perfect clarity and precise guidance have never been required" for a regulation to survive a vagueness challenge).[2]  As such, even assuming the fundamental right to "bear arms for self-defense" applied to assault weapons or large capacity magazines, the standard for vagueness challenges remains unchanged.  And because the Regulations afford "the person of ordinary intelligence a reasonable opportunity to know what is prohibited," *Coalition of New Jersey Sportsmen, Inc. v. Whitman*, 44 F. Supp. 2d 666, 682 (D.N.J. 1999) (citation omitted), *aff'd*, 263 F.3d 157 (3d Cir. 2001) (TABLE), they are not vague.

Plaintiffs' other arguments fail too.  Plaintiffs first say there is a "lack of nexus between the generic definitions of 'assault pistols' and 'assault long guns'" and "the enumerated banned

---

[2] Tellingly, plaintiffs never identify the alterative standard they insist applies after *Bruen*.

3

arms." Opp'n 6. But because Sections 1465(2) and (3) identify specific weapons that qualify as an "assault long gun" or "assault pistol," OB 5, no "nexus" is required for the ordinary person to understand what weapons are prohibited. *Coal. of N.J. Sportsmen*, 44 F. Supp. 2d at 690. "At the very least, each listing sufficiently puts on notice a person of ordinary intelligence that a weapon he or she possess[es], may be prohibited by the terms of the list itself…." *Id.* at 678.

Plaintiffs next contend that the Regulations are vague because the term "copy" "relies upon knowledge of the weapon from which the 'copy' was 'developed[,]'" and the definition of "copycat weapons" can be satisfied if a long gun contains a grip allowing for certain trigger hand placement. Opp'n 6. But the Regulations do not require any knowledge of how the enumerated assault weapons were "developed." 11 *Del. C.* § 1465(6). And plaintiffs do not explain what is confusing about terms like "semi-automatic," nor do they explain why an ordinary citizen could not understand what is meant by a grip that would "result[ ] in any finger on the trigger hand in addition to the trigger finger being directly below any portion of the action of the weapon when firing." *Id.* Plaintiffs challenge the definition of LCM, contending that the phrase "capable of accepting, or that can readily be converted to hold, more than 17 rounds of ammunition" is vague. Opp'n 6-7. Again, however, plaintiffs fail to explain why an ordinary citizen could not understand that phrase.

Finally, plaintiffs argue that the Regulations "as a whole" are vague because "countless firearms that are not banned under HB 450 are capable of being banned under SS1 for SB 6." Opp'n 7. But, again, plaintiffs fail to explain why an ordinary citizen would need further guidance on "how to read these statutes together," *id.*—if either criteria is met, that is sufficient. Nor do

4

they attempt to distinguish the cases cited in the opening brief on this point, aside from repeating their refrain that the cases were decided pre-*Bruen*.[3]

Although plaintiffs have failed to state a claim for vagueness, any vague provision would be "severable from the remainder of the law or statute." *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S.Ct. 2335, 2350 (2020). Thus, any provisions this Court determines are unconstitutionally vague could be severed without striking the balance of the statute.

## II. THE REGULATIONS ARE NOT TAKINGS (COUNTS IV AND XI).

Plaintiffs argue that *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003 (1992), and *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419 (1982), render the seizure of property pursuant to police powers a taking. Opp'n 10. But courts have rejected this argument.

In *Maryland Shall Issue v. Hogan*, the plaintiff challenged a statute banning bump stocks as a taking, arguing under *Lucas* that the use of "police power cannot prevent a regulation from being a [ ] taking." 353 F. Supp. 3d 400, 404-05, 410 (D. Md. 2018), *aff'd*, 963 F.3d 356 (4th Cir. 2020). But the court found that *Lucas* and *Loretto* only applied to takings involving real property and were not applicable to the regulation of firearms and components. *Id.* at 410-13. The same is true here. *See also Rupp v. Becerra*, 2018 WL 2138452, at *8 (C.D. Cal. May 9, 2018) (finding *Lucas* applicable only to real property).

Plaintiffs make the unsupported claim that *Bennis v. Michigan*, 516 U.S. 442 (1996), only applies when the government has title to the property. Opp'n 11. *Bennis* makes no such qualification. Nor do the cases previously cited by defendants. OB 8. *See also Lech v. Jackson*,

---

[3] Plaintiffs claim that defendants failed to distinguish the Regulations from "the nearly identical, if not less vague statutes struck down in *Springfield Armory, Inc. v. City of Columbus*, 29 F.3d 250, 252 (6th Cir. 1994) and *City & Cnty. of Denver*, 874 P. 2d 325, 334 (Colo. 1994)." Opp'n 7. But as the opening brief explained in footnote 2, the regulations in those cases (i) banned weapons with unspecified "modifications" or (ii) required persons to know both "what guns their pistol was designed from … [and] the design history of the ancestor gun." Neither concern is present here.

5

791 F. App'x 711, 715 (10th Cir. 2019).

Plaintiffs' reliance on *Frein v. Pennsylvania State Police*, 47 F.4th 247 (3d Cir. 2022), is also misplaced. In *Frein*, the police seized, and refused to return after trial, forty-six guns owned by the parents of an individual who shot the police (with a different gun). *Id.* at 250. The court found the police's continued possession of the firearms to be a taking, and that *Bennis* did not prevent the claim as defendants did not have title. *Id.* at 252. But *Frein* concerned an actual taking, not a regulatory taking. Opp'n 10-11. Further, unlike *Frein*, the Regulations generally render Assault Weapons and LCMs as contraband. There is no property right to contraband. *United States v. Jeffers*, 342 U.S. 48, 53 (1951). *Frein* is therefore inapplicable.

Further, defendants have not "invent[ed] their own standard," Opp'n 11, but demonstrated, under the *Penn Central* test, that plaintiffs' claims fail. Plaintiffs' allegation that they will suffer some economic loss cannot sustain a takings claim. *Nekrilov v. City of Jersey City*, 528 F. Supp. 3d 252, 271 (D.N.J. 2021) (a statute that merely affects economic value is not a taking), *aff'd*, 45 F.4th 662 (3d Cir. 2022). Plaintiffs complain that HB 450 provides no compensation for assault weapons, Opp'n 12, but overlook the provision that allows citizens to keep them if obtained before HB 450's enactment. 11 *Del. C.* § 1466(c)(3).[4] Finally, plaintiffs argue that defendants fail to provide data that the compensation for LCMs is just. Opp'n 11-12. But that is plaintiffs' burden to bear. *United States v. John J. Felin & Co.*, 334 U.S. 624, 641 (1948). And plaintiffs do not dispute that even if the Regulations were a taking—and they are not—the remedy would be compensation, not invalidation of the Regulations.

---

[4] Plaintiffs' reliance on *Lingle v. Chevron USA, Inc.* is also flawed because it concerns real property, and the citation has nothing to do with a taking claim, but rather concerns due process claims. 544 U.S. 528, 540-44 (2005).

### III. THE REGULATIONS DO NOT VIOLATE THE EQUAL PROTECTION CLAUSE (COUNTS V AND XII).

Under the first step of an Equal Protection analysis, plaintiffs "must demonstrate that they received different treatment from that received by other individuals similarly situated." *Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir. 2005) (citations omitted). Rather than abide by the standard, plaintiffs again argue that the purported "post-*Bruen* moment" somehow altered this analysis. Opp'n 12-13. It did not. Because *Bruen* did not abrogate *Association of New Jersey Rifle & Pistol Clubs, Inc. v. Attorney General New Jersey*, 910 F.3d 106, 124 (3d Cir. 2018), *abrogated on other grounds by Bruen*, 142 S.Ct. 2111, with respect to the Third Circuit's Equal Protection analysis, plaintiffs' Equal Protection challenge fails.

"In the equal protection context, persons are similarly situated when they are alike in all relevant aspects." *Lasche v. New Jersey*, 2022 WL 604025, at *6 (3d Cir. Mar. 1, 2022) (internal quotation marks and citation omitted). Here, the individual plaintiffs (apart from, perhaps, Mr. Hosfelt) are not "alike in all relevant aspects" to QRLEOs. Among other things, they have not pled that they have the same training and experience as current or retired law-enforcement officers. *Compare* 11 *Del. C.* § 1441(B) with AC ¶ 204.[5] Plaintiffs' failure to allege that they are similarly situated to QRLEOs dooms this claim.[6]

---

[5] Plaintiffs also claim that the law discriminates against Mr. Hosfelt, a retired Chief of Police for the City of Dover, on equal protection grounds. AC ¶ 204. But plaintiffs do not allege any facts demonstrating that Mr. Hosfelt does not qualify as a QRLEO under the statute or, if not, why not.

[6] Plaintiffs claim that defendants "overstate the relevance of LEOSA to Plaintiffs' challenge," but also argue that "the presence of the QRLEO exception calls into question the constitutionality of the Regulatory Scheme." Opp'n 13. A finding that the QRLEO exception's inclusion in the Regulations violates equal protection would mean that LEOSA itself—a federal statute on the books for almost two decades and enforced by federal courts including the District of New Jersey—codifies an equal protection violation. *See Fed. Law Enf't Officers Ass'n v. Grewal*, 2022 WL 2236351 (D.N.J. June 21, 2022), *appeal docketed*, No. 22-2209 (3d Cir. July 1, 2022). Accepting plaintiffs' novel Equal Protection theory here would indeed throw LEOSA into doubt.

### IV. THE REGULATIONS DO NOT VIOLATE THE DORMANT COMMERCE CLAUSE (COUNTS VI AND XIII).

Because the dormant Commerce Clause "prohibits economic protectionism," Opp'n 14, not all state actions that burden interstate commerce are treated equally. A regulation that addresses issues of "public health" and "safety" is given greater deference than one that "convey[s] advantages on local merchants" or "encourage[s] economic isolation." OB 14 (quoting *Juzwin v. Asbestos Corp.*, 900 F.2d 686, 689 (3d Cir. 1990); *Camps Newfound/Owatonna, Inc. v. Town of Harrison*, 520 U.S. 564, 577-78 (1997)). Here, the Regulations seek to "ensure the safety of Delawareans" from "exceptionally lethal" objects. *Id.* (citation omitted). Accordingly, they are given deference for purposes of Commerce Clause review. And because plaintiffs have not alleged how these interests are outweighed by burdens on interstate commerce—let alone how the interests are "illusory," *Norfolk S. Corp. v. Oberly*, 822 F.2d 388, 405 (3d Cir. 1987) (citation omitted)— they do not state a claim under the dormant Commerce Clause. OB 13-15.

Plaintiffs' answering brief makes no effort to remedy this fundamental deficiency. Instead, plaintiffs quibble with the fact that non-resident carry permits granted under 11 *Del. C.* § 1441(k) are "temporary"—even though a "temporary" license facilitates the supposedly prohibited act of "passing through Delaware" with an assault weapon. AC ¶¶ 221-22, 311; *see* OB 13.[7]

Plaintiffs claim that "Defendants' motion does not … address … the restrictions upon interstate commerce the [Regulations] place[] upon dealers and manufacturers." Opp'n 16. Plaintiffs are incorrect. *See* OB 13 (third bullet). And, plaintiffs reference inapposite Supreme Court decisions addressing economic regulations "imposed for the avowed purpose … of curtailing the volume of interstate commerce to aid local economic interests …." *H.P. Hood &*

---

[7] Plaintiffs ignore that Delaware gives "full faith and credit" to concealed carry permits issued by at least twenty-one states. *See* OB 13-14 n.4 (citation omitted).

*Sons, Inc. v. Du Mond*, 336 U.S. 525, 530-31 (1949) (cited at Opp'n 15-16).[8] The Regulations plainly were not passed for that purpose.

"[I]ncidental burdens on interstate commerce may be unavoidable when a state legislates to safeguard the health and safety of its people." *City of Phila. v. New Jersey*, 437 U.S. 617, 623-24 (1978); *see generally* OB 15 & n.5. Even if the Regulations incidentally affect interstate commerce, plaintiffs have not stated a claim for violation of the dormant Commerce Clause.

V.  **THE REGULATIONS ARE NOT PREEMPTED (COUNTS VII AND XIV).**

18 U.S.C. § 926A "prohibits only regulation of the interstate transport of firearms, and in no way restricts a state's power to regulate firearms within the state." *Coal. of N.J. Sportsmen v. Florio*, 744 F. Supp. 602, 609 (D.N.J. 1990) (finding "no conflict" between Section 926A and New Jersey statute regulating large capacity magazines and assault firearms).

Plaintiffs' response rests upon a single case from the Southern District of California, *Rhode v. Becerra*, 342 F. Supp. 3d 1010 (S.D. Cal. 2018). Of course, *Rhode* is not binding precedent. And in any event, *Florio* is more on point. Unlike *Florio*, *Rhode* considered statutes that were substantially different from those at issue here.[9] But even though defendants discussed *Florio* at

---

[8] *Accord Granholm v. Heald*, 544 U.S. 460, 466 (2005) ("It is evident that the object and design of the Michigan and New York statutes is to grant in-state wineries a competitive advantage over wineries located beyond the States' borders.") (cited at Opp'n 14-15, 15-16); *Ore. Waste Sys., Inc. v. Dept. of Env't Quality of Ore.*, 511 U.S. 93, 99 (1994) (reviewing landfill "surcharge subject[ing] waste from other States" to three times the "per ton charge imposed on solid in-state waste") (cited at Opp'n 15); *New Energy Co. of Ind. v. Limbach*, 486 U.S. 269, 271 (1988) (reviewing Ohio law granting tax credit for ethanol produced in-state) (cited at Opp'n 15).

[9] The California statutes, for example, required that "ammunition sales, deliveries, or transfers in California must now be processed through a state-licensed ammunition vendor in a face-to-face

9

length, OB 17, plaintiffs do not even mention *Florio*. Plaintiffs also rely on *Rhode* for the proposition that Section 926A "implicit[ly]" applies to the Regulations concerning large capacity magazines because it "defines and references 'ammunition' on several occasions." Opp'n 18 (citing *Rhode*, 342 F. Supp. 3d at 1018). But 926A's preemption provision expressly deals with "firearm[s]," not "ammunition."[10] The plain text, not an unwritten "implic[ation]," controls.

Finally, with respect to their claim that the Regulations create "an unconstitutional firearms registry" in violation of 18 U.S.C. § 926(a), Opp'n 18, plaintiffs fail to address the precedent establishing that § 926(a) preempts laws that would result in the creation of a *national* registry. OB 18 (citing *RSM, Inc. v. Buckles*, 254 F.3d 61, 67 (4th Cir. 2001); *Ron Peterson Firearms, LLC v. Jones*, 2013 WL 12085975, at *8 (D.N.M. Mar. 27, 2013), *aff'd*, 760 F.3d 1147 (10th Cir. 2014); *J & G Sales Ltd. v. Truscott*, 473 F.3d 1043, 1045 (9th Cir. 2007); *Blaustein & Reich, Inc. v. Buckles*, 365 F.3d 281, 288 (4th Cir. 2004)). And plaintiffs fail to explain how the Regulations would result in even a Delaware firearms registry, let alone a national one.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in the opening brief, defendants' motion to dismiss should be granted.

---

transaction[;]" for a California resident who buys ammunition "from sellers outside of California, the purchases must be received and processed by a California-licensed ammunition vendor in a face-to-face transaction"; and, "California residents who obtain ammunition …. outside California" who want to bring it "into California must first somehow deliver it to a licensed ammunition vendor and receive it from the vendor in a face-to-face transaction." *Rhode*, 342 F. Supp. 3d at 1012. In contrast, the New Jersey statutes at issue in *Florio* banned or restricted "possession … manufacture, transport, shipment, sale, or disposal" of "large capacity magazines" and "semi-automatic, 'assault firearms.'" *Florio*, 744 F. Supp. at 603.

[10] "Notwithstanding any other provision of any law or any rule or regulation of a State or any political subdivision thereof, any person who is not otherwise prohibited by this chapter from transporting, shipping, or receiving a firearm **shall be entitled to transport a firearm** for any lawful purpose from any place where he may lawfully possess and carry **such firearm** to any other place where he may lawfully possess and carry **such firearm** …." 18 U.S.C. § 926A (emphasis added).

10

| | |
|---|---|
| ROSS ARONSTAM & MORITZ LLP | STATE OF DELAWARE DEPARTMENT OF JUSTICE |
| */s/ S. Reiko Rogozen* | */s/ Kenneth L. Wan* |
| David E. Ross (#5228) | Kenneth L. Wan (#5667) |
| Bradley R. Aronstam (#5129) | Caneel Radinson-Blasucci (#6574) |
| Garrett B. Moritz (#5646) | Deputy Attorneys General |
| S. Reiko Rogozen (#6695) | Carvel State Office Building |
| Roger S. Stronach (#6208) | 820 N. French Street, 6th Floor |
| Holly Newell (#6687) | Wilmington, DE 19801 |
| Elizabeth M. Taylor (#6468) | (302) 577-8400 |
| Thomas C. Mandracchia (#6858) | kenneth.wan@delaware.gov |
| 1313 North Market Street, Suite 1001 | caneel.radinson-blasucci@delaware.gov |
| Wilmington, DE 19801 | |
| (302) 576-1600 | |
| dross@ramllp.com | |
| baronstam@ramllp.com | |
| gmoritz@ramllp.com | |
| rrogozen@ramllp.com | |
| rstronach@ramllp.com | |
| hnewell@ramllp.com | |
| etaylor@ramllp.com | |
| tmandracchia@ramllp.com | |

*Attorneys for Defendants*

Dated:  February 13, 2023