

**KATHLEEN JENNINGS**
ATTORNEY GENERAL

DEPARTMENT OF JUSTICE
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

CIVIL DIVISION (302) 577-8400
FAX: (302) 577-6630
CRIMINAL DIVISION (302) 577-8500
FAX: (302) 577-2496
FRAUD DIVISION (302) 577-8600
FAX: (302) 577-6499

March 6, 2023

VIA CM/ECF
The Honorable Richard G. Andrews
United States District Court
  For the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, Delaware 19801

**Re:** *Del. State Sportsmen's Ass'n, Inc., et al. v. Del. Dep't of Safety and Homeland Sec., et al.; Gabriel Gray, et al. v. Kathy Jennings, et al.*, C.A. No. 22-cv-951-RGA (Consolidated)

Dear Judge Andrews:

Pursuant to the Court's direction at the argument held on February 24, 2023, we write on behalf of all parties regarding presenting a certified question to the Delaware Supreme Court in connection with the above-referenced action. Specifically, the Court asked that the parties confer and propose a question that—if the Court were to certify a question to the Supreme Court—addresses the treatment of Delaware statutes 11 *Del. C.* §§ 1464-1467 ("HB 450") and 11 *Del. C.* §§ 1441, 1468-1469A ("SS 1 for SB 6") under the Delaware Constitution. The parties have conferred as Your Honor requested but have not reached an agreement regarding the formulation of a proposed certified question. Accordingly, each party presents their respective positions and proposed questions below for the Court's consideration.

Before responding to the Court's request, the parties wish to advise the Court that since the February 24, 2023 hearing, a question has arisen concerning the Court's authority to grant injunctive relief based upon the claim in the lawsuit filed by the DSSA Plaintiffs under Article I, Section 20 of the Delaware Constitution. The relevant authority includes *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) (an instruction by a federal court to state officials on how to conform their conduct to state law "conflicts directly with the principles of federalism that underlie the Eleventh Amendment"), *Doe v. Pennsylvania Bd. of Prob. & Parole*, 513 F.3d 95, 103 (3d Cir. 2008) ("[F]ederal courts do not have subject matter jurisdiction to enjoin state officials on the basis of state law.") (*citing Pennhurst*), *Artway v. Att'y Gen. of State of N.J.*, 81 F.3d 1235, 1269 n.33 (3d Cir. 1996) ("We almost certainly cannot grant [plaintiff]'s requested relief—— an injunction against state officials from enforcing [state] law——on this basis.") (*citing Pennhurst*); and *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 948 F.

The Honorable Richard G. Andrews
March 6, 2023

Supp. 400, 414 (D.N.J. 1996), *aff'd*, 131 F.3d 353 (3d Cir. 1997), *aff'd*, 527 U.S. 666 (1999) ("The Eleventh Amendment defense sufficiently 'partakes of the nature of a jurisdictional bar so that it need not be raised in the trial court.'") (*quoting Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 683 n.18 (1982)).

The DSSA Plaintiffs wanted to bring this subject to the Court's attention, but have not yet done a comprehensive analysis of the issue.

The parties agree that the above issue regarding the Delaware constitutional claims does not affect the Court's jurisdiction to grant injunctive relief with respect to Plaintiffs' Second Amendment claims, although they disagree on Plaintiffs' entitlement to that relief.

With respect to the Court's request at the February 24, 2023 hearing, the parties' positions are set forth below.

### **Plaintiffs' Position and Proposed Question**

Plaintiffs maintain that certification of a question to the Delaware Supreme Court is unnecessary and should not delay resolution of their motions for the entry of preliminary injunctive relief. Additionally, the *Gray* Plaintiffs did not assert any claim arising under the Delaware Constitution at all and submit that they will be prejudiced by any delay associated with resolving a claim they did not assert. To the extent the Court is inclined to certify a question of state law to the Delaware Supreme Court, Plaintiffs propose the following language:

> Given that a state cannot provide fewer constitutional rights than the U.S. Constitution provides, does the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), which held that the intermediate scrutiny standard of review was "one step too many" for purposes of reviewing statutes that infringe on rights guaranteed by the Second Amendment to the U.S. Constitution, require that the intermediate scrutiny standard used in *Doe v. Wilmington Hous. Auth.*, 88 A.3d 654 (Del. 2014), *Bridgeville Rifle & Pistol Club, Ltd. v. Small*, 176 A.3d 632 (Del. 2017), and *Del. State Sportsmen's Ass'n v. Garvin*, 196 A.3d 1254 (Del. Super. Ct. Oct. 11, 2018), be replaced with the test announced in *Bruen* for purposes of establishing the minimum constitutional guarantees protected by the Delaware Constitution in the context of a challenge to a Delaware statute based on infringement of the right to keep and bear arms?

### **Defendants' Position and Proposed Question**

Defendants defer to the preference of the Court regarding whether and when to certify a question to the Delaware Supreme Court. To the extent that the Court elects to certify a question, Defendants propose the following question for certification:

The Honorable Richard G. Andrews
March 6, 2023

> Whether the United States Supreme Court's decision *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022) affects Delaware's previously established use of intermediate scrutiny to evaluate regulations challenged under Article I, § 20 of the Delaware Constitution?

Defendants agree with Plaintiffs that any certification of a question to the Delaware Supreme Court should not delay resolution of the Second Amendment issues raised in the motions for preliminary injunction.

**Procedure for Certification of a Question to the Delaware Supreme Court**

Under Delaware Supreme Court Rule 41, "a United States District Court . . . may, on motion or *sua sponte*, certify to [the Delaware Supreme Court] for decision a question . . . of law if there is an important and urgent reason for an immediate determination of such question or questions by this Court and the certifying court or entity has not decided the question or questions in the matter." Most relevant to this action, the Delaware Supreme Court will accept certification of "question[s] of law [that] relate[] to the constitutionality, construction or application of a statute of this State which has not been, but should be, settled by the [Delaware Supreme] Court." *Id.*

The procedure for presenting a certified question to the Delaware Supreme Court is as follows:

> (i) *Certification by trial court.* A judge of the certifying court shall sign and file with the clerk of that court a certification substantially in the form set forth in Official Form K;
>
> (ii) *Filing by trial court.* The clerk of that court shall, within 5 days of the filing of such certification, file with the Clerk of this Court 6 certified copies of the certification and 6 true and correct copies of such of the following papers as may have been filed below:
>
> (A) Petition. Any Petition for Certification;
>
> (B) Response. Any response to the Petition for Certification; and
>
> (C) Stipulation of facts. Any stipulation of facts with respect to the Certification.

Del. Sup. Ct. R. 41(c). Copies of Delaware Supreme Court Rule 41 and Official Form K (referenced above) are enclosed for the Court's convenience.

The parties are available at the convenience of the Court to address questions or provide further information.

The Honorable Richard G. Andrews
March 6, 2023

                                                          Respectfully submitted,

                                                          /s/ *Caneel Radinson-Blasucci*

                                                          Caneel Radinson-Blasucci (#6574)

cc: All Counsel of Record (via CM/ECF)