IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DELAWARE STATE SPORTSMEN'S
ASSOCIATION, INC; BRIDGEVILLE RIFLE
& PISTOL CLUB, LTD.; DELAWARE RIFLE
AND PISTOL CLUB; DELAWARE
ASSOCIATION OF FEDERAL FIREARMS
LICENSEES; MADONNA M. NEDZA;
CECIL CURTIS CLEMENTS; JAMES E.
HOSFELT, JR; BRUCE C. SMITH; VICKIE
LYNN PRICKETT; and FRANK M. NEDZA,

> Plaintiffs,

v.

DELAWARE DEPARTMENT OF SAFETY
AND HOMELAND SECURITY, et al.

> Defendants.

Civil Action No. 22-951-RGA
(Consolidated)

## ORDER

The parties recently submitted a joint letter regarding the presentation of a certified question to the Delaware Supreme Court in connection with the treatment of Delaware statutes 11 *Del. C.* §§ 1464-1467 ("HB 450") and 11 *Del. C.* §§ 1441, 1468-1469A ("SS 1 for SB 6") under the Delaware Constitution. (D.I. 53). In the letter, the parties advised me that "a question has arisen concerning the Court's authority to grant injunctive relief based upon the claim in the lawsuit filed by the DSSA Plaintiffs under Article I, Section 20 of the Delaware Constitution." (*Id.* at 1). The question is whether *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) bars me from granting the DSSA Plaintiffs' requested relief with respect to their challenges under the Delaware Constitution.

1

The answer to this question appears to be yes. The DSSA Plaintiffs seek declaratory judgments that both statutes violate their rights under the Federal and Delaware Constitutions (D.I. 5), and a permanent and preliminary injunction barring the enforcement of the statutes on these bases (D.I. 5; D.I. 11). Under *Ex parte Young*, 209 U.S. 123 (1908), a federal court may issue prospective injunctive and declaratory relief compelling a state official to comply with federal law. *See Edelman v. Jordan*, 415 U.S. 651, 664 (1974). But that exception does not extend to prospective injunctive or declaratory relief based on alleged violations of state law. As the Court observed in *Pennhurst*, "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment." 465 U.S. at 106. *See also Pennsylvania Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 325 (3d Cir. 2002) ("Simply put, the Eleventh Amendment prohibits a federal court from considering a claim that a state official violated state law in carrying out his or her official responsibilities.") (citing *Pennhurst*, 465 U.S. 89).

The DSSA Plaintiffs are requested to, within ten days of the date of this Order, indicate that they consent to the dismissal without prejudice of their state law claims, or, in the alternative, explain why their state law claims should not be dismissed on this basis.

IT IS SO ORDERED.

Entered this 7th day of March, 2023.

_____
United States District Judge