

Francis G.X. Pileggi
500 Delaware Avenue, Suite 700
Wilmington, Delaware 19801
Francis.Pileggi@lewisbrisbois.com
Direct: 302.985.6002

August 12, 2024

Via CM/ECF

The Honorable Richard G. Andrews
U.S. District Court
   for the District of Delaware
844 N. King Street, Rm. 4209, Unit 18
Wilmington, DE  19801

Re:   *Delaware State Sportsmen's Association, Inc., et al. v. Delaware Department of Safety and Homeland Security, et al.*
District Court Case Number: 1-22-cv-00951
District Court Case Number: 1-22-cv-01500
District Court Case Number: 1-23-cv-00033

Dear Judge Andrews:

This is the joint status report requested by Your Honor regarding the above consolidated matter.

## I.   Plaintiffs' Report

The *Gray* and *Graham* Plaintiffs in this consolidated matter plan to file a petition for certiorari to the United States Supreme Court, seeking review of the Third Circuit's determination, in its decision dated August 6, 2024, that ongoing deprivation of Plaintiffs'

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND • MASSACHUSETTS • MINNESOTA • MISSISSIPPI • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA
OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA
144046252.1

The Honorable Richard G. Andrews
August 12, 2024
Page 2

Second Amendment rights does not constitute irreparable harm for purposes of receiving preliminary injunctive relief.

The *Delaware State Sportsmen's Association* Plaintiffs plan to ask Your Honor for a briefing schedule for a summary judgment motion with a short period for discovery beforehand, and will seek an expedited trial if the case is not disposed of by summary judgment.

The court requested a status report today, but Defendants' portion of this letter is more akin to a motion with full argument. Although we disagree with Defendants' below arguments in this joint letter, unless the Court requests it, we won't address those arguments at this time.

## II. Defendant's Report

Consistent with their position in the parties' December 5, 2022 letter regarding scheduling (D.I. 17), Defendants remain committed to bringing the actions to a prompt, efficient resolution. Indeed, had Plaintiffs agreed to the schedule the Defendants proposed in that letter, the case would have been tried nearly a year ago.

It appears, however, that Plaintiffs cannot agree on how to proceed. Defendants understand that the *Gray* and *Graham* Plaintiffs intend to seek certiorari of the Third Circuit's opinion affirming this Court's decision denying Plaintiffs' request for a

preliminary injunction (D.I. 68), while the *DSSA* Plaintiffs wish to seek summary judgment following a brief period for discovery (followed by an expedited trial, if necessary)—although they have advised us that they do not yet know whether that would be a motion for partial or complete summary judgment and have not identified the specific areas as to which they believe discovery is appropriate.

In light of the intention of the *Gray* and *Graham* Plaintiffs to seek certiorari, Defendants respectfully submit that the case should remain stayed pending the resolution of that process. *Cf. Minerva Surgical, Inc. v. Hologic, Inc.*, 2021 WL 1840645, at *1 (D. Del. May 7, 2021) (noting that the Court stayed the case pending resolution of a petition for certiorari), *aff'd*, 2021 WL 2856596 (D. Del. July 8, 2021). It would be both inefficient and prejudicial for Defendants to litigate claims with one set of Plaintiffs, and then be forced to relitigate overlapping claims with another set of Plaintiffs.

And having both delayed seeking injunctive relief and chosen not to proceed with the trial set by the Court (D.I. 25) (setting trial) (D.I. 66) (stipulating to removal of trial from calendar), the *DSSA* Plaintiffs are not well positioned to claim any prejudice from proceeding in this manner. *See Del. State Sportsmen's Ass'n, Inc. v. Del. Dep't of Safety & Homeland Sec.*, 108 F.4th 194, 206 (3d Cir. 2024) ("Delaware Sportsmen's four-month delay suggests that it felt little need to move quickly. Its continuing delay as it chooses not

The Honorable Richard G. Andrews
August 12, 2024
Page 4

to hasten to trial does not help its case.").

Once proceedings in this case do resume in this Court, Defendants' Motion for Partial Dismissal of the Amended Complaint (D.I. 8) is fully briefed and ready for oral argument, should the Court find argument useful.

While it is difficult for Defendants to take a position on any motion for summary judgment in light of the *DSSA* Plaintiffs' failure to specify the nature of the motion that they plan to file or the discovery they intend to seek, it is difficult to see how such a motion would be productive. The resolution of this matter will require both fact and expert discovery. As the Supreme Court explained in *New York State Rifle and Pistol Association v. Bruen*, 597 U.S. 1 (2022), the Second Amendment is "not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *Id.* at 21 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008)). Instead, *Bruen* requires that "the government ... affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." 597 U.S. at 19. Doing so requires a historical record for this Court to consider—as the Supreme Court stated in *Bruen*, "[c]ourts are ... entitled to decide a case *based on the historical record compiled by the parties*." *Id.* at 25 n.6 (emphasis added). A proper record enabling the Court to make an informed plenary ruling under *Bruen*—including history

The Honorable Richard G. Andrews
August 12, 2024
Page 5

regarding firearms and their regulation going back to the Founding Era—will take time to compile.

Although Plaintiffs elected not to develop a factual record in connection with their motions for a preliminary injunction, this Court's repeated citations to Defendants' evidence in its opinion demonstrates the need for evidence on multiple issues. And the *DSSA* Plaintiffs acknowledge that discovery is appropriate in this action. While Defendants developed significant evidence in a limited timeframe in connection with Plaintiffs' preliminary injunction motions, there is substantially more work to do to provide an appropriate record for trial. Indeed, the Court's decision denying Plaintiffs' preliminary injunction motions expressly contemplated the development of an evidentiary record by the parties. D.I. 58 at n.2. It is thus difficult to understand what *DSSA* Plaintiffs hope to achieve by burdening the Court with summary judgment motions without full fact and expert discovery, or how that could promote judicial economy or the efficient resolution of this action. And having chosen not to proceed with the trial previously scheduled by the Court, the *DSSA* Plaintiffs should not be able to now burden the Court and the Defendants with a rush to an expedited trial.

In light of the above, Defendants respectfully submit that the case should continue to be stayed in the trial court pending the *Gray* and *Graham* Plaintiffs' certiorari petition

The Honorable Richard G. Andrews
August 12, 2024
Page 6

and completion of any proceedings in the Supreme Court; and that once any proceedings in the Supreme Court are resolved, the case be set for trial on a reasonable schedule to allow the parties time to develop an evidentiary record and prepare this case for trial.

We are available at the Court's convenience if additional information is required.

Respectfully,

Francis G.X. Pileggi
Del. Bar No. 2624

FGXP/mar
cc: Anna M. Barvir, Esquire (via CM/ECF)
William Bergstrom, Esquire (via CM/ECF)
Mariel A. Brookins, Esquire (via CM/ECF)
Angela Cai, Esquire (via CM/ECF)
Janet Carter, Esquire (via CM/ECF)
Paul D. Clement, Esquire (via CM/ECF)
Scott A. Eisman, Esquire (via CM/ECF)
Jeremy Feigenbaum, Esquire (via CM/ECF)
Stephen P. Halbrook, Esquire (via CM/ECF)
David B. Kopel, Esquire (via CM/ECF)
Bradley Lehman, Esquire (via CM/ECF)
Garrett B. Moritz, Esquire (via CM/ECF)
Erin E. Murphy, Esquire (via CM/ECF)
John D. Ohlendorf, Esquire (via CM/ECF)
Peter A. Patterson, Esquire (via CM/ECF)
David E. Ross, Esquire (via CM/ECF)
Matt Rowan, Esquire (via CM/ECF)
David H. Thompson, Esquire (via CM/ECF)
Peter M. Torstenson, Jr., Esquire (via CM/ECF)
Kenneth L. Wan, Esquire (via CM/ECF)